[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 7228
This was an action seeking damages for personal injuries caused by the defendant's negligence. The case was tried to a jury. The jury found that the defendant was 90% negligent and the plaintiff 10% negligent. The jury awarded the plaintiff economic damages of $11,246.17. The undisputed evidence was that the plaintiff, now 18 years of age, has a 10% permanent partial disability of his left leg as a result of this incident. The jury awarded the plaintiff $8,000.00 in noneconomic damages. The plaintiff now moves for an additur. The defendant objects to the motion and also objects to the amount of the $2,800 deposition fee of Dr. Patrick Ruwe.
 I
"Litigants have a constitutional right to have factual issues resolved by the jury. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury. . . . The size of the verdict alone does not determine whether it is excessive [or inadequate]. The only practical test to apply . . . is whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. . . ." (Internal quotation marks omitted.) Gaudio v. Griffin Health Services Corporation, 249 Conn. 523,550-51, 733 A.2d 197 (1999).
The plaintiff claims that the verdict is product of bias because the defendant is a Roman Catholic school and the venire panel and the jury itself was largely Roman Catholic.[1] The plaintiff also observes that when the principal of the school testified she "blurted out," as characterized by the plaintiff, that "we are a poor school." The court immediately told the jury to disregard the remark and the plaintiff did not request any additional curative instruction or seek a mistrial. "Where counsel does not request a curative instruction or seek a mistrial, `he presumably does not view the remarks as so prejudicial that his client's right to a fair trial is seriously jeopardized.' State v.Falcone, 191 Conn. 12, 23 n. 13, 463 A.2d 558 (1983)." State v. Lubesk,195 Conn. 475, 484, 488 A.2d 1239 (1985); see State v. Henderson,47 Conn. App. 542, 557, 706 A.2d 480 (1998); State v. Maturo,188 Conn. 591, 597, 452 A.2d 642 (1982); State v. Bradley,
CT Page 722912 Conn. App. 163, 167-68, 529 A.2d 1343 (1987).
It is true, as the plaintiff argues, that the evidence that the plaintiff had a 10% permanent partial disability of his leg as a result of this incident was not contested by the defendant, nor was there evidence to ascribe any of the 10% to a pre-existing condition.
But is an award of $8,000.00 in noneconomic damages for a 10% permanent partial disability to the left leg of a (now) eighteen year old male, with no claim of damage to earning capacity and little evidence of pain, inadequate as a matter of law? Admittedly, it is very low. And while not explicitly raised by the plaintiff, it is also true that the plaintiff was an inner city minority male who did not exude ambition or polish. That this may have effected the largely middle-class jury is a concern and troubling.
The court finds that the verdict, while very low, is not inadequate as a matter of law. It is undeniable fact that jury values have suffered a veritable free fall in the last ten years, rendering "the necessarily uncertain limits of just damages" that much more uncertain. In addition, the jury was entitled to find that the plaintiff's leg injury did not hamper his present and future activities to a great extent.[2]
The motion to set aside is denied.
 II
In preparation for his 45 minute deposition, Dr. Patrick Ruwe, M.D. claimed to have expended 1.5 hours — reviewing twenty pages of records.[3] His bill for services in connection with the deposition was $2,800.00. General Statutes § 52-260 (f) provides: "When any practitioner of the healing arts . . . is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the practitioner of the healing arts . . . and taxed as part of the costs in lieu of all other witness fees payable to the practitioner of the healing arts. . . ."
Dr. Rue's fee of $2,800.00 is not a "reasonable fee" and was aptly characterized at oral argument. The plaintiff claims that he was effectively compelled to pay that fee, and this court can recognize and appreciate the realities of the transaction. It cannot, however, decline to enforce § 52-260 (f).
Dr. Rue's reasonable fee is determined to be $2,200.00.
Bruce L. Levin CT Page 7230 Judge of the Superior Court